# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ABPAYMAR, LLC,

      **Plaintiff,**

v.                                    **Case No.  8:14-cv-424-T-30TBM**

NATIONSTAR MORTGAGE, LLC,

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Abpaymar, LLC's Motion for Leave to File Amended Complaint to Add Non-Diverse Defendants and Remand (Dkt. 14) and Defendant Nationstar Mortgage, LLC's Response in Opposition (Dkt. 20).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted, and this action remanded to the Sixth Judicial Circuit, in and for Pinellas County, Florida.[1]

## BACKGROUND

On January 27, 2014, Plaintiff Abpaymar, LLC filed the instant quiet title action against Defendant Nationstar Mortgage, LLC in the Sixth Judicial Circuit, in and for Pinellas County, Florida.  Nationstar removed the action to this Court, alleging diversity jurisdiction.

---

[1] The Court grants Nationstar's request for judicial notice.

Abpaymar is the owner of the subject property. The quiet title action seeks to invalidate a mortgage, entered into between Carl and Ingrid Bierbaum, former owners of the subject property, and Nationstar.[2] Abpaymar alleges, in relevant part, that the subject mortgage is invalid because more than five years have passed since the Bierbaums defaulted on the accelerated note and mortgage. Specifically, the mortgage was accelerated on January 31, 2008, and more than five years have elapsed since that time without foreclosure of the mortgage.

Abpaymar seeks leave to amend its complaint to add the Bierbaums as Defendants in this action. Abpaymar's proposed amended complaint asserts a claim for declaratory relief under Chapter 86, Florida Statutes, against Nationstar and the Bierbaums. The declaratory relief claim requests the Court to make a declaration regarding the enforceability of the mortgage between Nationstar and the Bierbaums. Abpaymar acknowledges that joinder of the Bierbaums will destroy this Court's jurisdiction because the Bierbaums, like Abpaymar, are Florida citizens. Abpaymar contends that the Bierbaums' joinder is permissible under 28 U.S.C. § 1447(e).

## DISCUSSION

### I. Applicable Law

Nationstar removed the state-court action under diversity of citizenship. In order to establish diversity jurisdiction at the time of removal, Nationstar must show complete

---

[2]The mortgage was executed on March 1, 2007. Nationstar was assigned the mortgage on February 27, 2013, and currently holds the mortgage.

diversity of citizenship, and that the matter in controversy exceeds $75,000.  *See* 28 U.S.C.

§ 1332(a); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).  Complete

diversity does not exist if a single plaintiff is a citizen of the same state as a single defendant.

*See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005).

Amendment of a complaint post-removal is analyzed under 28 U.S.C. § 1447(e).  *See*

*Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 862 (11th Cir. 1998).  Under section 1447(e): "If

after removal the plaintiff seeks to join additional defendants whose joinder would destroy

subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

action to the State court."  *Id.*  The Eleventh Circuit has held that a district court has only two

options: (1) deny the requested joinder, or (2) allow the joinder and remand the case to state

court.  *See Ingram*, 146 F.3d at 862.  Thus, the issue of whether to allow the joinder of a non-

diverse party defendant post-removal "is left to the discretion of the district court ..." *Dean*

*v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992).

"In exercising discretion to deny joinder, or to permit joinder and remand the case to

state court, § 1447(e) requires an evaluation of the prejudice to the parties." *Mehta v. New*

*York Life Ins. Co.,* No. 8:09-cv-59, 2009 WL 2252270, at *3 (M.D. Fla. July 28, 2009).  The

district court should consider the following factors: "(1) the extent to which the purpose of

the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in

asking for the amendment; (3) whether the plaintiff will be significantly injured if the

amendment is not allowed; and (4) any other factors bearing on the equities." *Id.* (citing

*Hensgens v. Deere & Co.,* 833 F.3d 1179, 1182 (5th Cir.1987)).

The district court should also analyze whether the joinder of the non-diverse party is fraudulent. *See Bechtelheimer v. Cont'l Airlines, Inc.,* 776 F. Supp. 2d 1319, 1321 (M.D. Fla. 2011) (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.")).

There are three situations where joinder may be deemed fraudulent: "(1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other." *In re Accutane Products Liability*, No. 8:04-MD-2523-T-30TBM, 2012 WL 3194951, at *2 (M.D. Fla. July 31, 2012) (Moody, J.) (citing *Triggs*, 154 F.3d at 1287).

In evaluating the first situation, i.e., whether the plaintiff can prove the cause of action against the non-diverse defendant, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as recognized in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in

order for the joinder to be legitimate." *Triggs,* 154 F.3d at 1287 (emphasis in original).  In considering *possible* state law claims, possible must mean "more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Id.*

## II. Analysis

### A. Whether the purpose of the amendment is to defeat federal jurisdiction.

Nationstar argues that the timing of Abpaymar's motion to amend demonstrates that the purpose was to defeat jurisdiction because Abpaymar filed its motion to amend after Nationstar filed a motion to dismiss for failure to state a claim.  The Court disagrees. Nationstar merely speculates about the timing of events; Nationstar does not point to any evidence suggesting that the purpose of the amendment is to defeat federal jurisdiction.  And, as discussed in more detail below, there is merit in adding the Bierbaums as Defendants. Accordingly, the Court is not persuaded that the purpose of the amendment to add the Bierbaums is to defeat federal jurisdiction.

### B. Whether Abpaymar has been dilatory in asking for the amendment.

There is no evidence that Abpaymar's motives are dilatory.  This case is still in its infancy.  The Court has not entered a scheduling order and discovery has not begun.  Thus, this factor weighs in favor of permitting the amendment.

C.    <u>Whether Abpaymar will be significantly injured if the amendment is not allowed</u>.

If the Court does not permit the joinder of the Bierbaums, Abpaymar may have to file a separate state-court action against them to contest the validity of the subject mortgage. This injury may not be significant, but it does weigh in favor of permitting amendment because dual lawsuits are more costly, less efficient, and subject the parties to the potential of inconsistent outcomes.

D.    <u>Any other factors bearing on the equities</u>.

Other equitable factors weigh in favor of permitting the Bierbaums' joinder.  Any remand at this early juncture will have little prejudicial effect on Nationstar.  As stated above, remand prevents the possibility of having two simultaneous lawsuits.  And, as Abpaymar points out, there is no federal interest at stake in the current litigation.  The instant case is a quiet title action related to property located in Pinellas County, Florida.

In sum, the Court finds that the factors and the balance of the equities weigh in favor of permitting the Bierbaums' joinder.

E.    <u>Whether the joinder is fraudulent</u>.

Nationstar argues the Bierbaums' joinder is fraudulent under the first fraudulent joinder scenario, that is, that there is no possibility that the claims against the Bierbaums state a cause of action.  The Court disagrees.  Nationstar spends a lot of time arguing the merits of the quiet-title claim and contends that the declaratory relief claim is unnecessary.  Under a fraudulent joinder analysis, whether Abpaymar's claims will ultimately succeed is

irrelevant.  The claim against the Bierbaums just has to be "possible".  And, although the Court makes no determination as to the pleading adequacy of the claim, a review of the claim demonstrates that it is possible.

Abpaymar seeks a declaration regarding the validity of the mortgage between the Bierbaums and Nationstar.  Abpaymar alleges that Florida's statute of limitations, Fla. Stat. § 95.11, bars Nationstar from asserting that the mortgage remains a valid and enforceable debt on the subject property.  Abpaymar claims that Nationstar's failure to foreclose more than five years after the Bierbaums defaulted on the accelerated note and mortgage voids Nationstar's interest in the property.  Abpaymar alleges that it is "unsure of its rights" as they relate to the subject property and the "Bierbaum Mortgage."  Abpaymar requests the Court to enter Judgment in its favor and against Defendants "declaring the Bierbaum Mortgage invalid and no longer enforceable . . ."  (Dkt. 14-1).

A Florida court recently held that Florida's five-year statute of limitations did not necessarily bar the mortgagee from foreclosing on a mortgage based on a mortgagor's *subsequent* defaults.  *See U.S. Bank Nat. Ass'n v. Bartram*, - - - So. 3d - - - -, 2014 WL 1632138, at *3 (Fla. 5th DCA April 25, 2014) ("While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue.").  Thus, any defaults on the Bierbaums' part after the 2008 acceleration are highly relevant to a declaration regarding the mortgage's

validity.  Certainly, it is not fraudulent to join the Bierbaums as Defendants in order to receive complete declaratory relief on this issue.

In sum, Abpaymar's addition of the Bierbaums as Defendants is not fraudulent because they remain the mortgagor on the subject mortgage and any subsequent defaults on their part are highly relevant to Nationstar's right to enforce the mortgage.  Accordingly, Abpaymar's declaratory relief claim against the Bierbaums and Nationstar is "possible" under Florida law.

## III.    Conclusion

The Court concludes that Abpaymar should be permitted to amend its complaint to add the Bierbaums, after applying an analysis of the relevant factors under section 1447(e), and considering whether fraudulent joinder is applicable.  Thus, this action must be remanded due to the lack of complete diversity.  *See Ingram*, 146 F.3d at 862.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff Abpaymar, LLC's Motion for Leave to File Amended Complaint to Add Non-Diverse Defendants and Remand (Dkt. 14) is granted.

2.    Plaintiff's Amended Complaint (Dkt. 14-1) is deemed filed as of the date of this Order.

3.    The Clerk of Court is directed to remand this action to the Sixth Judicial Circuit, in and for Pinellas County, Florida, and provide that court with a copy of this Order.

4.      The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-424.mtamend-grant-remand.frm